UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:21 CV 66 |
| | ) | |
| MOHAMMAD IBRAHIM AMARA | ) | (arising from No. 2:18 CR 42) |

## OPINION and ORDER

**I.     BACKGROUND**

In 2018, defendant Mohammad Ibrahim Amara pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (DE ## 15, 20.) He was sentenced to 84 months imprisonment. (DE # 42.) Now before the court is his petition under 28 U.S.C. § 2255 to vacate his sentence, along with numerous supplements and additional filings pertaining to the same. (DE ## 60, 61, 62, 64, 65, 66, 68, 77, 83.)

Defendant presents essentially two arguments. First, defendant argues that his conviction was invalid because he received ineffective assistance of trial counsel. Second, defendant argues that his conviction violates the Second Amendment in light of the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1 (2022). For the following reasons, the petition and related filings are denied.

**II.    LEGAL STANDARD**

A Section 2255 petition allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. 28 U.S.C. § 2255(a). Motions to vacate a

conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity for full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

### III.   DISCUSSION

#### A.   Timeliness

First, the Government points out that defendant's claims are untimely and must be dismissed. (DE # 63.) A one-year limitations period applies to motions made pursuant to Section 2255, running, in most cases, from the date when a defendant's conviction became final. 28 U.S.C. § 2255(f). A conviction becomes final when the time period to file a timely appeal expires. *Clarke v. United States,* 703 F.3d 1098, 1100 (7th Cir. 2013); Fed. R. App. P. 4(b)(1)(A). In this case, it is beyond dispute that the earliest of defendant's Section 2255-related filings was entered on the docket more than one year after the time period to file a timely appeal had expired. (DE ## 43, 60.) Accordingly, the petition is time-barred.

#### B.   Waiver

Regardless of timeliness, defendant's *Bruen* claim has been waived. In the appeal waiver that formed part of defendant's plea agreement, defendant explicitly waived his right to file a Section 2255 petition challenging his sentence on any grounds other than a claim of ineffective assistance of counsel. (DE # 15 at 5.) That the Supreme Court's ruling in *Bruen* did not exist at the time defendant pleaded guilty is of no consequence. *Oliver v. United States*, 951 F.3d 841, 845 (7th Cir. 2020) (explaining that the Seventh Circuit has "'consistently rejected arguments that an [express] appeal waiver is invalid

because the defendant did not anticipate subsequent legal developments.'") (quoting *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009)); *see also Grzegorczyk v. United States*, 142 S. Ct. 2580 (2022) (Kavanaugh, J., statement respecting denial of certiorari, "[T]he Seventh Circuit correctly concluded that the defendant's unconditional guilty plea precluded any argument based on the new caselaw[.]").[1] Accordingly, defendant's *Bruen* claim has been waived.

## IV.    CONCLUSION

For these reasons, defendant's Section 2255 petition and related filings (DE ## 60, 61, 62, 64, 65, 66, 68, 77, 83) must be **DENIED.**

### SO ORDERED.

Date: June 24, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[1] Even if the court considered defendant's petition on its merits, the petition would be denied. The court would adopt the outstanding analysis done by Judge Damon R. Leichty in *United States v. Regalado,* No. 3:23CR42 DRL, 2023 WL 9054039 (N.D. Ind. Dec. 20, 2023), and conclude that Section 922(g)(1) remains constitutional after *Bruen.*